STATE of Wisconsin,
Plaintiff-Respondent,

v.

Orbin B. HARRIS,
Defendant-Appellant.†

Court of Appeals

*No. 2010AP1955–CR. Submitted on briefs July 29, 2011.
—Decided August 23, 2011.*

2011 WI App 130

(Also reported in 805 N.W.2d 386.)

† Petition for review denied 12-5-11.

223

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of *Law Office of Matthew S. Pinix, LLC*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. CURLEY, P.J.   Orbin B. Harris appeals the judgment convicting him of battery and intimidation and the order denying his postconviction motion. Harris, who was sentenced to ten months in the house of correction for the battery and to seven years in state prison for the intimidation, argues that pursuant to WIS. STAT. §§ 973.155 & 302.43 (2009–10),[2] he is entitled to "good time" credit for his house of correction sentence, which should be applied to his prison sentence. We disagree. We hold that § 302.43, the "good time" statute governing county jail sentences,[3] does not apply in this case because both of Harris's sentences are to be construed as one continuous *prison* sentence. *See* WIS. STAT. § 302.113(4). Thus, Harris's sentences fall under

---

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[3] We use the terms "county jail" and "house of correction" interchangeably. *Cf.* WIS. STAT. § 302.425(1)(b) (" 'jail' " includes "house of correction"); *State ex rel. Buse v. Drewniak*, 252 Wis. 431, 434, 31 N.W.2d 773 (1948) (discussing statute in which "jail"

the purview of WIS. STAT. § 973.01 and Harris is consequently prohibited from earning sentence credit for his convictions because they are violent offenses. *See* WIS. STAT. § 302.113(1) & (2)(b)7.; *see also* WIS. STAT. § 301.048(2)(bm)1. We further conclude that Harris is not entitled to "good time" under §§ 973.155 & 302.43 because, under WIS. STAT. § 973.03(2), Harris is serving his sentences as a state prison inmate, not as a county jail inmate. We therefore affirm.

## I. BACKGROUND.

¶ 2.    Following an altercation at his wife's apartment, Harris was charged with one count of battery by persons subject to certain injunctions, contrary to WIS. STAT. § 940.20(1m)(a), and one count of intimidation of a victim, contrary to WIS. STAT. § 940.45(3). A jury found Harris guilty on both counts.

¶ 3.    After Harris was convicted, the trial court sentenced him to ten months in the house of correction for the battery, and to seven years in state prison—to consist of three years' initial confinement and four years' extended supervision—for the intimidation, to be served consecutive to the battery sentence. At the time of sentencing, Harris had already been in custody for 316 days. The trial court consequently applied 316 days of sentencing credit to the ten-month battery sentence. Harris received no credit toward the seven-year intimidation sentence.

¶ 4.    Harris then filed a postconviction motion seeking, among other things, eighty-six days of custody credit towards his sentence on the intimidation convic-

includes "house of correction"); WIS. STAT. § 302.365 (using "jail" and "house of correction" interchangeably); WIS. STAT. § 302.315 (same).

tion.[4] Specifically, Harris argued that pursuant to the sentencing credit statute, WIS. STAT. § 973.155—he was entitled to eighty-six days of credit on the premise that, had he served his sentence for the battery in the house of correction, as his sentence indicated—he would have been entitled to statutory "good time" under WIS. STAT. § 302.43, which allows county jail inmates credit for one-fourth of the sentence term for good behavior.[5] By Harris's calculation, subtracting one-fourth of the ten-month sentence would have reduced the time to be served on the battery sentence to 230 days. He argued that because he had already served 316 days, the remaining 316 minus 230, or eighty-six, days should have been credited to his intimidation sentence.

¶ 5.  The trial court rejected Harris's argument and denied the motion. It determined, however, that Harris was in fact entitled to sixteen days of credit for the intimidation sentence. The trial court agreed with Harris's counsel that the ten-month sentence amounted to 300 days, and reasoned that because Harris had already served 316 days when he was sentenced, he was entitled to 316 minus 300, or sixteen, days of credit for the intimidation sentence.[6] Harris now appeals.

---

[4] Harris also challenged the effectiveness of his trial counsel and the trial court's exercise of discretion regarding an electronic restraint device that was affixed to Harris's body during trial. Those issues are not raised in this appeal.

[5] WISCONSIN STAT. § 302.43 provides, in relevant part: "[e]very inmate of a county jail is eligible to earn good time in the amount of one-fourth of his or her term for good behavior if sentenced to at least 4 days, but fractions of a day shall be ignored."

[6] Harris's counsel reached this figure by multiplying thirty days per month by ten months. We do not comment on the accuracy of this calculation, as neither of the parties question it on appeal.

## II. ANALYSIS.

¶ 6.    The sole issue on appeal is whether, pursuant to WIS. STAT. §§ 973.155 & 302.43, Harris was entitled to "good time" credit for one-fourth of his ten-month battery sentence. This is a statutory construction question that we review *de novo. See Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 22, ¶ 11, 308 Wis. 2d 103, 746 N.W.2d 762. Our inquiry " 'begins with the language of the statute.' " *See State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning," and give "technical or specially-defined words or phrases" "their technical or special definitional meaning." *See id.* We must also keep in mind that "[c]ontext is important to meaning. So, too, is the structure of the statute in which the operative language appears." *See id.*, ¶ 46. Therefore, we interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *See id.*

¶ 7.    On appeal, Harris renews the argument made in his post-conviction motion. He directs us to WIS. STAT. § 973.155(3), which provides that sentence credit "shall be computed *as if the convicted offender had served such time in the institution to which he or she has been sentenced.*" (Emphasis added.) According to Harris, the phrase "to which he or she has been sentenced" means that we must apply rules governing house of correction sentences to his battery sentence because that is, quite literally, the institution to which

he was sentenced. *See id.* Under those rules—specifically, under WIS. STAT. § 302.43—Harris claims he should be awarded credit for one-fourth of his ten-month battery sentence. And, according to Harris, that credit should be applied to his prison sentence.

■

¶ 8. In other words, Harris asks us to consider his sentences separately, rather than as one, continuous sentence. This distinction is singularly important to Harris's contention that he should be awarded good time, because even though he does not say so in his brief, he is no doubt well aware that, if we construe the sentences as one, he is in fact *ineligible* for good time credit. Construing the sentences together as a single sentence puts them squarely under the purview of WIS. STAT. § 973.01, entitled, "[b]ifurcated sentence of imprisonment and extended supervision." When an offender has been sentenced pursuant to § 973.01, he or she may not earn any credit for good behavior if the crimes that the offender has been convicted of are "violent offenses" as defined by WIS. STAT. § 301.048(2)(bm)1. *See* WIS. STAT. § 302.113(1) & (2)(b)7. (offenders serving sentences for "violent offenses" as defined by § 301.048(2)(bm)1. are ineligible for positive adjustment time). Thus, if we do construe Harris's sentences together, he will be ineligible for sentence credit because he has been convicted of violent offenses. *See* § 302.113(1) & (2)(b)7.; § 301.048(2)(bm)1.

¶ 9. As the State correctly points out, Harris's sentences must be considered together. WISCONSIN STAT. § 302.113(4) requires all consecutive sentences imposed for crimes committed after December 31, 1999, to be computed as one continuous sentence. As noted, construing the sentences as one continuous sentence

puts them squarely under the purview of Wis. Stat. § 973.01, which in turn means that no good time credit can be awarded because both offenses are "violent." *See* Wis. Stat. § 302.113(1) & (2)(b)7.; Wis. Stat. § 301.048(2)(bm)1. Moreover, Wis. Stat. § 973.03(2) provides: "[a] defendant sentenced to the Wisconsin state prisons and to a county jail or house of correction for separate crimes shall serve all sentences whether concurrent or consecutive in the state prisons." In light of § 973.03(2), Harris was not, nor would he ever become, an inmate of a county jail or house of correction. He did, on the other hand, become an inmate of the state prison system. Therefore, Harris could not be awarded any good time credit under county jail rules.

¶ 10.   We therefore hold that because the trial court was required to construe Harris's sentences as a single sentence, which put the sentences under the purview of Wis. Stat. § 973.01—and because Harris was, under the terms of the statutes, an inmate of the prison system rather than the county jail—that Wis. Stat. § 302.43, the county jail "good time" statute, does not apply to his sentence. Rather, we hold that Wis. Stat. §§ 302.113(1), (2)(b)7. & (4); 301.048(2)(bm)1.; and 973.03(2) prohibited Harris from earning any credit on his sentence for violent offenses. Moreover, we do not agree with Harris's contention that our holding would render the specific language of Wis. Stat. § 973.155(3) meaningless. The language Harris highlights, which provides that sentence credit "shall be computed *as if the convicted offender had served such time in the institution to which he or she has been sentenced,*" *see id.* (emphasis added), still has effect in

the myriad of other cases where a defendant is not sentenced to both the house of correction and prison. Therefore, we affirm.

*By the Court.*—Judgment and order affirmed.