PER CURIAM.
¶ 1 In these consolidated appeals, Elyse Alix appeals multiple judgments, entered upon her no-contest pleas, convicting her of multiple crimes. She also appeals orders denying her post-conviction relief. For the reasons that follow, we modify the judgments and affirm them as modified. We also reverse the orders denying Alix post-conviction relief and remand with directions.
BACKGROUND
¶ 2 The material facts are not disputed. In March 2016, Alix entered no-contest pleas to the following charges in six Eau Claire County cases:[1]
• Case No. 2014CM1343: Criminal trespass (Count 1) and criminal damage to property (Count 2), both as a repeater.
• Case No. 2015CF655: Felony bail jumping (Count 1) and operation of a motor vehicle while intoxicated (OWI) as a third offense (Count 2).
• Case No. 2015CF682: Misdemeanor retail theft (Count 1).
• Case No. 2015CF967: Felony bail jumping as a repeater (Count 1).
• Case No. 2015CF973: Delivery of methamphetamine as a second or subsequent offense (Count 1) and felony bail jumping (Count 2).
• Case No. 2015CF974: Possession of methamphetamine (Count 1) and felony bail jumping (Count 2).
All remaining charges in these six cases--as well as all of the charges in seven additional pending Eau Claire County criminal cases against Alix--were dismissed and read in for sentencing purposes.
¶ 3 The sentencing court delayed sentencing Alix until a presentence investigation could be completed, except on Count 2 in case No. 2015CF655--the third-offense OWI count. On that count, the court concluded there was a statutory requirement that Alix be sentenced immediately, and it imposed a sixty-day jail sentence.[2]
¶ 4 On June 27, 2016, the sentencing court held a sentencing hearing on the remaining convictions. At the hearing, the State and Alix first agreed that Alix was entitled to 232 days of sentence credit. The court then proceeded to sentencing:
I am going to sentence you in 14-CM-1343 on the criminal damage to nine months incarceration, and that's going to be consecutive, and I'll indicate what the other sentences are, but that is to be a consecutive sentence.
On the criminal trespass I will sentence you to two years of probation, and that is to be consecutive probation.
On the delivery of methamphetamine as a second or subsequent offense in 15-CF-973 I'm going to sentence you to four years of initial confinement followed by four years of extended supervision. That is to be a consecutive sentence.
On the felony bail jumping as a repeater charge, Count 1 in 15-CF-967, I'm going to sentence you to one year of initial confinement followed by two years of extended supervision, and that is to be a consecutive sentence.
So what I have done is to sentence you to a total of five years and nine months of initial confinement. Those sentences ... are to run consecutive.
Now, we'll go back because on the felony bail jumping in 15-CF-655 I'm sentencing you to three years of initial confinement followed by three years of extended supervision, but that sentence is concurrent with the consecutive sentences.
... In 15-CF-973 on the felony bail jumping, Count 2, I will sentence you to three years of initial confinement followed by three years of extended supervision, again, to run concurrent with the consecutive sentences.
And in 15-CF-974 on the felony--on Count 1, the possession of methamphetamine, the one and a half years of initial confinement followed by two years of extended supervision will, again, be concurrent. On Count 2, the felony bail jumping, three years of initial confinement followed by three years extended supervision concurrent with the consecutive sentences.
On 15-CF-682, which is the misdemeanor theft, nine months concurrent.
¶ 5 At this point, the assistant district attorney informed the sentencing court that, by statute, Alix could not be sentenced to two years' probation for Count 1 in case No. 2014CM1343 unless that sentence was ordered to run concurrent to another misdemeanor sentence.[3] The court therefore amended its sentence for Count 1 in case No. 2015CF682 to two years' probation "concurrent [to Count 1 in 2014CM1343 and] ... consecutive to the extended supervision." After confirming with the circuit court clerk that it had dealt with all of the consolidated cases before it, the court concluded the hearing by stating "[t]he intent here is as follows, and, again, if I did my calculations correct, her initial confinement will be five years and nine months followed by six years of extended supervision followed by two years of probation."
¶ 6 On August 3, 2016, the Department of Corrections (DOC) sent a letter to the sentencing court requesting clarification on the "sentence relationship" between the six cases. The DOC stated that, although it could discern which sentences the court intended to be consecutive and which to be concurrent, it was unclear on the order in which the consecutive sentences were to be served.
¶ 7 Alix subsequently filed a post-conviction motion in all of her cases, arguing that her sentence credit had been improperly applied to her multiple sentences. At a hearing on this motion, Alix also raised the issue the DOC had identified in its letter--i.e., that it was unclear the order in which her consecutive sentences were to be served. The post-conviction court acknowledged the DOC's letter and stated "[i]t is a very confusing sentencing, to say the least." However, the court ultimately declined to amend the judgments of conviction to clarify the relationships between the various sentences because it concluded "I think [the DOC has] it figured out."[4] Alix now appeals.
DISCUSSION
¶ 8 These consolidated appeals require us to interpret Wisconsin statutes regarding sentence terms, good time, and sentence credit. Interpretation of statutes and their application to undisputed facts are questions of law that we review independently. State v. Washington , 2018 WI 3, ¶ 23, 379 Wis. 2d 58, 905 N.W.2d 380.
I. Order of the consecutive sentences
¶ 9 On appeal, Alix argues that the order in which she is to serve her consecutive sentences is ambiguous. Further, she argues that we should resolve the ambiguity by ordering that her judgments of conviction be modified to clarify that her consecutive sentences are to be served in the order pronounced by the sentencing court.
¶ 10 The proper test to determine if a sentence is ambiguous is whether a reasonably well-informed person could understand the sentence in more than one way. State v. Oglesby , 2006 WI App 95, ¶ 19, 292 Wis. 2d 716, 715 N.W.2d 727. Here, the State concedes that Alix's sentences are ambiguous because it is unclear in which order she is to serve her three "consecutive sentences," specifically: (1) Count 2 in case No. 2014CM1343; (2) Count 1 in case No. 2015CF973; and (3) Count 1 in case No. 2015CF967. The State's concession that Alix's sentence structure is ambiguous is well taken. We therefore turn to the parties' arguments regarding how we should resolve the ambiguity in the order of her consecutive sentences.
¶ 11 Alix argues we should resolve this ambiguity by concluding that she serve her consecutive sentences in the order in which the sentencing court pronounced them. In support of her "order of announcement" argument, she points to WIS. STAT. § 973.15(2m)(b)2., which states:
If a court provides that a determinate sentence is to run consecutive to another determinate sentence, the person sentenced shall serve the periods of confinement in prison under the sentences consecutively and the terms of extended supervision under the sentences consecutively and in the order in which the sentences have been pronounced.
WIS. STAT. § 973.15(2m)(b)2. (emphasis added).
¶ 12 The State argues that "the most serious and longest sentence" should start the string of consecutive sentences. But the State cites no legal authority to support its position. The State instead relies on the argument that we should accept this approach because it "results in the fewest judgment modifications." Besides lacking citation to authority, this cursory argument is undeveloped, and we will not further consider it. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). We therefore accept Alix's argument that, consistent with WIS. STAT. § 973.15(2m)(b)2., her consecutive sentences should be served in the order they were pronounced by the sentencing court.
II. Application of the sentence credit
¶ 13 Alix next argues that her sentence credit should be applied to the first sentence in her string of consecutive sentences, as well as to all sentences running concurrently to that sentence. Furthermore, she argues that because her sentence credit exceeds the length of the first sentence in the consecutive string of sentences--at least after "good time" is factored in--the remaining credit should be applied to her second consecutive sentence.
¶ 14 The parties agree that Alix is entitled to 232 days of sentence credit. They also agree that this credit should be applied to the first sentence in the string of Alix's consecutive sentences--which we have determined is Count 2 of case No. 2014CM1343--as well as to all sentences running concurrent to that sentence. Their dispute is solely on the narrow issue of whether good time applies to Count 2 of case No. 2014CM1343.
¶ 15 Alix argues that good time should apply to Count 2 in case No. 2014CM1343 because "this was a jail sentence." This application would result in the 270-day sentence being reduced to just 203 days. Alix reasons that because she is entitled to 232 days of sentence credit, the remaining sentence credit should be applied to the second case in her string of consecutive cases.
¶ 16 Alix's argument fails because, as the State points out and Alix fails to address, it violates the rule set forth in State v. Harris , 2011 WI App 130, 337 Wis. 2d 222, 805 N.W.2d 386. In Harris , we held that all consecutive sentences to be served in a state prison are construed for sentence credit purposes as a single, continuous prison sentence. Id. , ¶ 9. Therefore, we held that good time credit cannot be applied to a consecutive prison sentence, regardless of whether one of the sentences in the consecutive string is a jail sentence. Id. , ¶¶ 8-10. Accordingly, Alix is not entitled to good time on Count 2 in case No. 2014CM1343. This nine-month sentence is for 270 days and exceeds her earned sentence credit of 232 days. It is therefore the only sentence in her string of consecutive sentences to which sentence credit may be applied.
CONCLUSION
¶ 17 In sum, we agree with the parties that the judgments of conviction must be modified. The amended judgments should be modified to reflect the following consecutive sentences:
• Case No. 2014CM1343 - Count 2, Criminal damage to property. Nine months' incarceration, with 232 days of sentence credit.
• Case No. 2015CF973 - Count 1, Delivery of methamphetamine as a second or subsequent offense. Four years' initial confinement and four years' extended supervision. Consecutive to Count 2 in case No. 2014CM1343, with no sentence credit.
• Case No. 2015CF967 - Count 1, Felony bail jumping as a repeater. One year of initial confinement and two years' extended supervision. Consecutive to Count 1 in case No. 2015CF973, with no sentence credit.
• Case No. 2014CM1343 - Count 1, Criminal trespass and case No. 2015CF682 - Count 1, misdemeanor retail theft. Two years' probation on each count concurrent to each other and consecutive to case No. 2015CF967, with no sentence credit.
All the judgments on the remaining counts and cases should be modified to reflect that Alix's sentences on those counts are concurrent to this consecutive string and that Alix is entitled to 232 days of sentence credit on each count.
By the Court. -Judgments modified and, as modified, affirmed; orders reversed and cause remanded with directions.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

The Honorable Brian Wright accepted Alix's no-contest pleas, entered the judgments of conviction, and sentenced her. The Honorable John Manydeeds heard and decided Alix's post-conviction motions. For clarity, we will refer to Judge Wright as the sentencing court and to Judge Manydeeds as the post-conviction court.

Although the sentencing court did not explicitly cite the statute it was relying upon, it appears the court was referencing Wis. Stat. § 973.15(8)(a)3. (2015-16). We note, however, that this statute merely states that an imposed sentence for a third or subsequent OWI conviction cannot be stayed; it does not mandate that the court immediately proceed to sentencing following a conviction for such an offense. See § 973.15(8)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Referring to Wis. Stat. § 973.09(2)(a)2.

The post-conviction court also granted in part and denied in part Alix's request for modifications in her judgments of conviction regarding the award of sentence credit. However, given that the court did not clarify the order in which the consecutive sentences were to be served, we do not recount those modifications here because the application of sentence credit to consecutive sentences hinges on the order in which the sentences are to be served. See State v. Boettcher , 144 Wis. 2d 86, 87, 423 N.W.2d 533 (1988).