COURT OF APPEALS
DECISION
DATED AND FILED

December 16, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP102**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV701

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN EX REL. DAVID AUMANN,

   PETITIONER-APPELLANT,

 V.

STATE OF WISCONSIN DEPARTMENT OF CORRECTIONS,

   RESPONDENT-RESPONDENT.

APPEAL from orders of the circuit court for Winnebago County: BARBARA H. KEY, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. David Aumann appeals pro se from an order of the circuit court converting his petition for writ of habeas corpus into a petition for writ of certiorari and remanding the case to the program review committee (PRC) to consider Aumann's request for sentence modification under WIS. STAT. § 302.113(9g). Aumann also appeals from an order denying his motion for reconsideration. Aumann's ultimate argument is that the circuit court should have remanded his petition for sentence modification to the sentencing court. For the reasons that follow, we affirm.

¶2 An inmate, such as Aumann, who is serving a bifurcated sentence for a crime other than a Class B felony and who is at least sixty years of age and has served at least ten years of the initial confinement portion of his bifurcated sentence "may submit a petition to the [PRC] at the correctional institution in which the inmate is confined" requesting a modification of his sentence. WIS. STAT. § 302.113(9g)(b)2., (c). The statutory role of the PRC is to review the petition and make a determination as to whether "the public interest would be served by a modification." Sec. 302.113(9g)(d). If the PRC determines that the public interest would be served by a modification, the Department of Corrections (DOC) "shall then refer" the petition to the sentencing court and "request the court to conduct a hearing on the petition." Sec. 302.113(9g)(cm). If, however, the PRC determines that the public interest would not be served by a modification, the PRC "shall deny the inmate's petition." *Id.* The statute does not explicitly provide a method by which an inmate may challenge the PRC's initial review. *See id.*

¶3 Aumann was convicted in 2009 and sentenced in Milwaukee County Circuit Court on three felony counts for prison terms of ten, ten, and six years to be served consecutively.[1] Pursuant to WIS. STAT. § 302.113(9g)(b)2., Aumann petitioned the PRC for sentence modification in early 2018.[2] The PRC denied Aumann's request, finding that he was not eligible to file a petition as the DOC held the opinion that he "must serve 10 years on each sentence to be modified. Sentences of 10 years or less are not statutory eligible."

¶4 Aumann responded by filing a petition for writ of habeas corpus in Milwaukee County Circuit Court (where he was sentenced) challenging the DOC's eligibility determination. The Milwaukee County Circuit Court initially granted the habeas petition and ordered the DOC to release Aumann to extended supervision. The court reasoned that the DOC's interpretation of WIS. STAT. § 302.113(9g) was "unreasonable" pursuant to § 302.113(4), which provides in pertinent part: "All consecutive sentences imposed … shall be computed as one continuous sentence." *See also **State v. Harris***, 2011 WI App 130, ¶9, 337 Wis. 2d 222, 805 N.W.2d 386.

¶5 The DOC moved Milwaukee County Circuit Court to quash its writ on jurisdictional, substantive, and procedural grounds. For purposes of this appeal, we summarize the DOC's argument as being that WIS. STAT. § 302.113(9g)(cm)-(d) statutorily requires the "public interest" determination to be initially made by the PRC, and only if the PRC finds that modification would be in

---

[1] Aumann also had other sentences for prison terms of six years each, but those were "concurrent" sentences and have been completed and are not at issue in this matter.

[2] The State does not contest that Aumann has served more than ten years of confinement time on his three convictions at issue.

the public interest, does the petition then proceed to the sentencing court. *See* § 302.113(9g)(d).[3] The DOC also moved the Milwaukee County Circuit Court to change the venue of Aumann's habeas petition to Winnebago County Circuit Court, as habeas petitions are to be heard in the circuit court of the county where the inmate is detained. The Milwaukee County Circuit Court agreed with the DOC, quashed its earlier order, and transferred venue to Winnebago County.

¶6     The Winnebago County Circuit Court, following argument, converted Aumann's habeas petition into a petition for writ of certiorari. The court agreed with Aumann that the DOC needs to calculate Aumann's consecutive sentences as a single consecutive sentence, and it remanded Aumann's modification request to the PRC at the Oshkosh Correctional Institution with the recognition that Aumann is eligible for sentence modification consideration. Aumann filed a motion for reconsideration, which the circuit court denied. Aumann appeals.

¶7     As noted above, Aumann complains on appeal that the circuit court should have sent his petition to the sentencing court given the court's ruling that the DOC erred in its eligibility interpretation of WIS. STAT. § 302.113(9g). Having related the procedural history, we conclude it is unnecessary to examine legal machinations that occurred in the circuit court on Aumann's petition for modification. What we do conclude is that the circuit court's end result was and is correct: Aumann is eligible for sentence modification consideration and the PRC is the statutory body that must review his petition for sentence modification prior

---

[3] The inmate, the district attorney, and "any victim of the inmate's crime has the right to be present at the hearing [before the sentencing court] and to provide a statement concerning the modification of the inmate's bifurcated sentence." WIS. STAT. § 302.113(9g)(d), (g).

to the matter being referred to the sentencing court. *See* § 302.113(9g)(c), (cm). We also affirm the circuit court's legal conclusion that Aumann's consecutive sentences are a single, continuous sentence and that Aumann has served more than ten years of that single continuous sentence. *See* § 302.113(4); ***Harris***, 337 Wis. 2d 222, ¶9.

¶8     It is the PRC's statutory responsibility to make the initial determination as to whether the public interest would be served by modifying Aumann's remaining confinement time to his extended supervision time prior to the issue being referred to the sentencing court. *See* WIS. STAT. § 302.113(9g)(c), (cm). Referral to the sentencing court is dependent upon the PRC determining that sentence modification is in the public interest. Sec. 302.113(9g)(cm). That determination has not yet been made; therefore, the proper recourse is, as the circuit court ordered, a remand of this matter to the PRC to make that determination.

¶9     The tortured process that this matter took was caused by Aumann challenging the DOC's eligibility determination as a habeas petition rather than a certiorari petition. While the statute does not explicitly provide a method by which an inmate may challenge the PRC's initial review, *see* WIS. STAT. § 302.113(9g)(cm), if the PRC on remand determines that the public interest would not be served by a sentence modification, Aumann's recourse is by way of certiorari, *see* WIS. STAT. § 801.50(5) (contemplating "an action for *certiorari* to review … a denial by a program review committee under [§] 302.113(9g) of a petition for modification of a bifurcated sentence" (emphasis added)); ***State ex rel. Johnson v. Cady***, 50 Wis. 2d 540, 549-50, 185 N.W.2d 306 (1971) ("It is well established in this state that where there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by way of

certiorari."). If the PRC determines that the public interest is served by a modification, then Aumann's petition is referred to the sentencing court in Milwaukee County for the purposes of scheduling and holding a hearing on Aumann's petition. *See* § 302.113(9g)(cm), (d). Both Aumann and the state have the right to appeal a sentencing court's determination on a petition for sentence modification. *See* § 302.113(9g)(h).

¶10 In conclusion, we affirm the remand to the PRC for an initial determination of Aumann's petition. We further direct that as Aumann's petition was filed in early 2018, and has yet to be heard, Aumann may supplement his petition with any additional, pertinent information that developed since he filed it.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.