**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 14, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1190-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF2050

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

OBED DAVID LOPEZ,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: AUDREY SKWIERAWSKI and ANA BERRIOS-SCHROEDER, Judges. *Affirmed*.

Before Colón, P.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Obed David Lopez appeals from a judgment of conviction for felony intimidation of a victim, and an order of the circuit court denying his postconviction motion for sentence credit.[1] On appeal, Lopez argues that good time credit should have been included in calculating the presentence credit he received on two misdemeanor convictions for battery and disorderly conduct, with the result being that he should have had 90 days of leftover presentence credit to apply to his conviction for felony intimidation of a victim. For the reasons set forth below, we disagree and affirm.

## BACKGROUND

¶2 Lopez was arrested following an incident of domestic abuse in which he attacked his girlfriend and fled from officers. Then, while in custody, Lopez made several calls to his girlfriend imploring her to talk to the district attorney and stay away from court. As a result, Lopez faced several criminal charges filed as two cases: (1) Milwaukee County Circuit Court Case No. 2022CF500, which included six charges stemming from the attack on his girlfriend and fleeing and eluding officers; and (2) Milwaukee County Circuit Court Case No. 2022CF2050, which included one charge stemming from the calls to his girlfriend. He resolved the criminal charges in both cases when he pled

---

[1] The Honorable Audrey Skwierawski entered the judgment of conviction. The Honorable Ana Berrios-Schroeder entered the order denying Lopez's postconviction motion for sentence credit. For ease of reference, we refer to both as the circuit court.

We also note that Lopez has appealed only from the judgment of conviction for Milwaukee County Circuit Court Case No. 2022CF2050 for felony intimidation of a victim. As explained further below, the State charged Lopez with multiple additional counts filed in a separate case, Milwaukee County Circuit Court Case No. 2022CF500. The judgments of conviction reciting Lopez's convictions in Case No. 2022CF500 are a part of the appellate record as an attachment to Lopez's postconviction motion and have not themselves been appealed.

guilty in Case No. 2022CF500 to misdemeanor battery (Count 2), misdemeanor disorderly conduct (Count 3), felony fleeing/eluding an officer (Count 5), and pled guilty in Case No. 2022CF2050 to felony intimidation of a victim (Count 1).

¶3    The circuit court sentenced Lopez to four consecutive sentences: 270 days of incarceration on Count 2, 90 days of incarceration on Count 3, 1.5 years of initial confinement and 3 years of extended supervision on Count 5, and 1.5 years of initial confinement and 3 years of extended supervision on Count 1.  As a result of 494 days of presentence confinement, Lopez was given time served dispositions on Count 2 and Count 3 and 134 days of sentence credit on Count 5.  Lopez was not given any credit for Count 1.

¶4    Lopez filed a postconviction motion arguing that the circuit court had improperly given him only 404 days of sentence credit and he was entitled to 90 more days of sentence credit to be applied to Count 1.  Lopez argued that, by factoring in good time credit in his time-served sentences on Count 2 and Count 3, he is left with an additional 90 days of sentence credit to be applied to his sentence on Count 1.  The circuit court denied the motion.  Lopez appeals.

**DISCUSSION**

¶5    On appeal, Lopez renews his argument that he is entitled to an additional 90 days of sentence credit as a result of including good time in the credit calculation for his time-served dispositions in Count 2 and Count 3.  We review Lopez's sentencing credit claim de novo.  *State v. Kitt*, 2015 WI App 9, ¶3, 359 Wis. 2d 592, 859 N.W.2d 164.  Thus, we turn to the two main statutes at issue here—the statute governing good time credit specifically and the statute governing sentence credit generally.

3

¶6      Good time is a type of sentence credit governed by WIS. STAT. § 302.43 (2023-24),[2] which states, "Every inmate of a county jail is eligible to earn good time in the amount of one-fourth of his or her term for good behavior if sentenced to at least 4 days[.]"  The statute continues by saying, "An inmate shall be given credit for time served prior to sentencing under [WIS. STAT. §] 973.155, including good time under [§] 973.155(4)."  Sec. 302.43.

¶7      As referenced in WIS. STAT. § 302.43, sentence credit generally is governed by WIS. STAT. § 973.155(1)(a).   This statute states, "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."  *Id.*   The credit "shall include earned good time for those inmates subject to [§] 302.43 … serving sentences of one year or less and confined in a county jail, house of correction or county reforestation camp."  Sec. 973.155(4).  The sentence credit afforded under § 973.155 "shall be computed as if the convicted offender had served such time in the institution to which he or she has been sentenced."  Sec. 973.155(3).

¶8      Lopez argues that he is entitled to good time credit under WIS. STAT. § 302.43 as part of his sentence credit calculated under WIS. STAT. § 973.155.  In support of his position, Lopez cites to *State v. Moore*, 167 Wis. 2d 491, 481 N.W.2d 633 (1992).   However, *Moore* dealt with good time credit for one misdemeanor jail sentence that was entirely satisfied with presentence confinement, with nothing more.  *Id.* at 494, 496-97.  Thus, we turn instead to *State v. Harris*, 2011 WI App 130, 337 Wis. 2d 222, 805 N.W.2d 386, where we

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

previously confronted the availability of good time credit in calculating sentence credit in a situation identical to Lopez's.

¶9    In *Harris*, we addressed whether a defendant, Harris, was entitled to good time credit pursuant to WIS. STAT. §§ 973.155 and 302.43 when he was sentenced to one count of battery (a misdemeanor) and one count of intimidation (a felony). *Harris*, 337 Wis. 2d 222, ¶¶1, 6. The circuit court sentenced Harris to consecutive sentences of ten months in the House of Correction on the misdemeanor battery count and seven years in state prison for the felony intimidation count. *Id.*, ¶¶1, 3. At the time of sentencing, Harris had been in custody for 316 days. *Id.*, ¶3. The circuit court awarded Harris 300 days of credit on the misdemeanor battery count and the remaining 16 days of credit were applied to the felony intimidation count. *Id.*, ¶¶3, 5. At the time of sentencing, therefore, Harris had no time remaining to serve on his misdemeanor battery count based on his presentence credit, and Harris only had time left to serve on his felony intimidation count. *Id.*

¶10    We concluded that Harris was not entitled to good time credit on the misdemeanor battery count because Harris's sentences were to be construed as one continuous prison sentence and, as an inmate of a state prison, Harris was not entitled to the good time credit otherwise afforded to inmates of the county jail. *Id.*, ¶¶1, 9-10. Specifically, we stated:

> [B]ecause the trial court was required to construe Harris's sentences as a single sentence, which put the sentences under the purview of WIS. STAT. § 973.01—and because Harris was, under the terms of the statutes, an inmate of the prison system rather than the county jail—that WIS. STAT. § 302.43, the county jail "good time" statute, does not apply to his sentence.

*Harris*, 337 Wis. 2d 222, ¶10.

¶11    Lopez's case is indistinguishable from *Harris*. Like *Harris*, Lopez received consecutive sentences on a mix of felony and misdemeanor convictions, and Lopez spent time in custody in the county jail prior to sentencing to the extent that the time spent in presentence custody satisfied the sentences imposed on the misdemeanor counts, Count 2 and Count 3. Under *Harris*, Lopez is not entitled to good time credit. Lopez's mixed felony and misdemeanor sentences are construed as a single sentence that requires us to consider Lopez as an inmate of the state prison system rather than the county jail. *See* WIS. STAT. §§ 302.113(4), 973.03(2). As an inmate of the state prison system, Lopez is not entitled to "'good time' under [WIS. STAT.] §§ 973.155 [and] 302.43 because, under [§] 973.03(2), [Lopez] is serving his sentences as a state prison inmate, not as a county jail inmate." *Harris*, 337 Wis. 2d 222, ¶1.

¶12    Lopez argues that the words "time served" as included on his judgment of conviction distinguishes his case from *Harris*. We are unpersuaded that the import of these two words change the result. To begin, Lopez has failed to provide a citation to any legal authority indicating that the words "time served" have the significance that he suggests. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). However, we also note that with or without the words "time served" on the judgment of conviction, Harris faced the same situation. Like Lopez, Harris was awarded sufficient credit to consider his misdemeanor sentence satisfied prior to sentencing when he was confined solely in the county jail, and at the time of sentencing, Harris no longer had time to serve on his misdemeanor sentence. We, therefore, do not place the emphasis on the words time served for which Lopez argues.

¶13    Finally, Lopez states that the judgment of conviction in Case No. 2022CF500 incorrectly reflects a total of 404 days of sentence credit, and by

6

failing to address this point, the State has conceded Lopez's point. We are unpersuaded that Lopez was erroneously credited with only 404 days. At the time of sentencing, the circuit court clearly stated that Lopez was awarded 270 days of sentence credit on Count 2, 90 days of sentence credit on Count 3, and 134 days of sentence credit on Count 5. The judgment of conviction then states that Lopez received 270 days of credit with a time served disposition on Count 2, a time served disposition on Count 3, and 134 days of credit on Count 5. While the judgment of conviction could have clearly stated that Lopez was also given 90 days of credit to reach the time served disposition provided in the notes to Count 3, the record and judgment of conviction nonetheless support that Lopez was given the proper 494 days of sentence credit.

## CONCLUSION

¶14 For the reasons stated above, we reject Lopez's argument for an additional 90 days of sentence credit for his conviction in Case No. 2022CF2050 on Count 1 for felony intimidation of a victim, and we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.